638 F.2d 700
 In the Matter of the Complaint of MARINE NAVIGATION SULPHUR
CARRIERS, INC., and Marine Transport Lines, Inc., as owners
of the S/T Marine Floridian for exoneration from or
limitation of liability, Appellees,
v.
LONE STAR INDUSTRIES, INC., Appellant,
and
R. W. Davis and Son Lumber Co., Inc.; Plant Food Products,
Inc.; Anthony H. Moogalian t/a Airport Grocery; Lawrence B.
Robertson; Charles E. Satterford; Joaquin Serrano; Ahmed
Aziz Thabit; James Tripp, Jr.; James L. Wearren; James L.
Wheeler; Dennis Wilson; Walter Woods; Gayle Young; John C.
Zbiegien; Garfield C. Ebanks; Henry J. Wells; Heinz
Grabhorn; John Holmes; George L. Ebanks; Frank Banks;
Clarence Mahew; Ezell Mays; Peter W. Georgopoulos; Jesus M.
DeJesus; William J. Edwards; Lee J. Fontenot; Commonwealth
of Virginia; James R. Lyle; Don C. Paedae; Allied Towing
Corporation; Herbert Rene Krebs; Joseph F. Smith, Jr.;
Terminal Stevedores, Inc.; Richmond Waterfront Terminals,
Inc.; Chemical Carrier Corporation of Virginia; Frederick
O'Neal; William Wiggins; Athenian Shipping Corporation;
Frank O. Irvine; Malcolm Jamieson, Trading as Berkeley
Plantation; C. Hill Carter, Jr., Trading as Shirley
Plantation; Bartlett Oil Company, Inc.; Ira Carter; Henry C.
Frazier; Groome Transportation, Inc.; Kinsley Smith, Defendants.
In the Matter of the Complaint of MARINE NAVIGATION SULPHUR
CARRIERS, INC., and Marine Transport Lines, Inc., as owners
of the S/T Marine Floridian for exoneration from or
limitation of liability, Appellees,
v.
ALLIED TOWING CORPORATION, Appellant,
and
R. W. Davis and Son Lumber Co., Inc.; Plant Food Products,
Inc.; Anthony H. Moogalian t/a Airport Grocery; Lawrence B.
Robertson; Charles E. Satterford; Joaquin Serrano; Ahmed
Aziz Thabit; James Tripp, Jr.; James L. Wearren; James L.
Wheeler; Dennis Wilson; Walter Woods; Gayle Young; John C.
Zbiegien; Garfield C. Ebanks; Henry J. Wells; Heinz
Grabhorn; John Holmes; George L. Ebanks; Frank Banks;
Clarence Mahew; Ezell Mays; Peter W. Georgopoulos; Jesus M.
DeJesus; William J. Edwards; Lee J. Fontenot; Commonwealth
of Virginia; James R. Lyle; Don C. Paedae; Herbert Rene
Krebs; Joseph F. Smith, Jr.; Terminal Stevedores, Inc.;
Richmond Waterfront Terminals, Inc.; Chemical Carrier
Corporation of Virginia; Frederick O'Neal; William Wiggins;
Athenian Shipping Corporation; Lone Star Industries, Inc.;
Frank O. Irvine; Malcolm Jamieson, Trading as Berkeley
Plantation; C. Hill Carter, Jr., Trading as Shirley
Plantation; Bartlett Oil Company, Inc.; Ira Carter; Henry C.
Frazier; Groome Transportation, Inc.; Kinsley Smith, Defendants.
In the Matter of the Complaint of MARINE NAVIGATION SULPHUR
CARRIERS, INC., and Marine Transport Lines, Inc., as owners
of the S/T Marine Floridian for exoneration from or
limitation of liability, Appellees,
v.
Frank O. IRVIN, t/a Tri-City Plumbing & Heating Co., Appellant,
and
R. W. Davis and Son Lumber Co., Inc.; Plant Food Products,
Inc.; Anthony H. Moogalian t/a Airport Grocery; Lawrence B.
Robertson; Charles E. Satterford; Joaquin Serrano; Ahmed
Aziz Thabit; James Tripp, Jr.; James L. Wearren; James L.
Wheeler; Dennis Wilson; Walter Woods; Gayle Young; John C.
Zbiegien; Garfield C. Ebanks; Henry J. Wells; Heinz
Grabhorn; John Holmes; George L. Ebanks; Frank Banks;
Clarence Mahew; Ezell Mays; Peter W. Georgopoulos; Jesus M.
DeJesus; William J. Edwards; Lee J. Fontenot; Commonwealth
of Virginia; James R. Lyle; Don C. Paedae; Allied Towing
Corporation; Herbert Rene Krebs; Joseph F. Smith, Jr.;
Terminal Stevedores, Inc.; Richmond Waterfront Terminals,
Inc.; Chemical Carrier Corporation of Virginia; Frederick
O'Neal; William Wiggins; Athenian Shipping Corporation; Lone
Star Industries, Inc.; Malcolm Jamieson, Trading as Berkeley
Plantation; C. Hill Carter, Jr., Trading as Shirley
Plantation; Bartlett Oil Company, Inc.; Ira Carter; Henry C.
Frazier; Groome Transportation, Inc.; Kinsley Smith, Defendants.
 Nos. 80-1325, 80-1368 and 80-1417.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 2, 1980.
Decided Jan. 23, 1981.
 
 Charles L. Waters, II, Norfolk, Va. (Kaufman & Oberndorfer, Norfolk, Va., on brief), Peter W. Rowe, Norfolk, Va. (Stackhouse, Rowe & Smith, Norfolk, Va., on brief), James G. Harrison, Hopewell, Va. (Marks, Stokes & Harrison, Hopewell, Va., on brief) for appellants.
 Philip N. Davey, Norfolk, Va. (Steven G. Schwartz, Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellees.
 Before BUTZNER, WIDENER and PHILLIPS, Circuit Judges.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 Allied Towing Corporation, Lone Star Industries, Inc., and Frank O. Irvine (claimants) appeal the district court's dismissal of their claims for various economic losses resulting from a vessel-bridge collision. We affirm.
 
 
 2
 On February 24, 1977, the S/T Marine Floridian collided with the Benjamin Harrison Memorial Bridge over the James River near Hopewell, Virginia. As a result of the collision, the river was closed to marine traffic for several months. Claimants sued the owner and bareboat charterer of the S/T Marine Floridian alleging various indirect and consequential damages arising from their temporary inability to traverse or navigate the James River. More specifically, Allied Towing Corporation performs towage service and transports cargo on the river; it claims damages for business interruption, loss of use of its vessels, loss of trade, and added expense. Lone Star Industries, Inc. ships stone, sand, and gravel from its quarries upstream from the bridge to its plants in the Hampton Roads area; it claims damages for business interruption, loss of trade, and added expense. Frank O. Irvine t/a Tri-City Plumbing and Heating Company of Petersburg, Virginia, is a building contractor; he claims damages for increased costs and loss of trade and profits because his access to the north side of the James River was limited. None of these claimants alleged or showed physical damage to their property or person.
 
 
 3
 Defendants moved to dismiss these claims. Relying on the line of cases represented by Petition of Kinsman Transit Co., 388 F.2d 821 (2d Cir. 1968), the district court granted defendants' motion because, while the collision was a cause in fact of claimants' various economic losses, it was not the proximate cause thereof. The economic, nonphysical losses as alleged were too remote to be legally compensable.
 
 
 4
 On this appeal claimants contend that their claims should have been assessed and upheld against the motion to dismiss under legal theories of nuisance or negligence that have been employed by the First and Ninth Circuits to permit recovery of damages for economic loss suffered by clam diggers and commercial fishermen as a result of oil spill injury to aquatic life. See Union Oil Co. v. Oppen, 501 F.2d 558 (9th Cir. 1974); Burgess v. M/V Tamano, 370 F.Supp. 247 (D.Me.1973), aff'd mem., 559 F.2d 1200 (1st Cir. 1977). Expressing no opinion on the merits of those decisions in the oil pollution context, we think the principle they adopt is inapposite to claims of indirect economic loss resulting from physical collision of vessels.
 
 
 5
 As the Oppen court itself was at pains to develop, the duty it found owed by oil spillers to persons engaged in commercial fishing was a special and narrow one, based upon "the fact that the injury flows directly from the action of escaping oil on life in the sea ..., the public's deep disapproval of injuries to the environment and the strong policy of preventing such injuries." 501 F.2d at 569. The Ninth Circuit thought this justified exposing oil spillers to a special risk of liability to a narrow set of commercial users of threatened sea life though the resulting rule might be thought at odds with the general rule against exposure to the risk of liability for indirect economic loss as applied in the vessel collision context by Kinsman. Accepting the Oppen court's rationale for finding a narrowly confined, special duty owed by oil spillers, it is clear that it would not extend to the claims here presented.
 
 
 6
 Accordingly, we agree with the district court's rejection of this theory of recovery and its reliance instead upon the general principle applied in Kinsman as the appropriate rule of decision. On this basis we affirm the district court's dismissal of the claims for reasons set forth in its opinion. In re Marine Navigation Sulphur Carriers, Inc., 507 F.Supp. 205, (E.D.Va. 1980).
 
 
 7
 AFFIRMED.